jury. It was therefore a fatal error not to notify the defendant's counsel when the jury asked for further instructions.

It is not material to examine the question whether the jury were authorized to take into their consideration the intoxicated condition of the defendant when the crime was committed, in determining the question whether the blow was struck in sudden passion, and without the deliberation now needed to constitute murder in the first degree. Since the trial of the case, the present Code has gone into effect, and by section 22 it is provided that the fact that the accused was intoxicated at the time can be taken into consideration in determining purpose, motive, or intent.

The conviction should be reversed and a new trial granted.

PRATT, J., concurs.

---

## Supreme Court—General Term—First Department.

*October, 1883.*

## MATTER OF MOSES.

WHAT CHILDREN ARE VAGRANTS.—WARRANT OF COMMITMENT.—CODE OF CRIMINAL PROCEDURE, § 887.—PENAL CODE, § 291.

The warrant issued by a police justice, by which two children under the age of fourteen were committed as vagrants, recited in substance that the children were "engaged in the occupation of begging, under pretext of peddling, to wit, Bowery, in said city" of New York, "at 10:45 P. M. on the 5th April, 1883, and frequenting the company of prostitutes, concert saloons, dance-houses and places of entertainment where spirituous liquors were sold." This warrant was granted on an affidavit made at the hearing before the police justice, stating the ages of the children to be respectively eleven and thirteen, and that they were found doing the acts of alleged vagrancy which are described substantially as in the warrant. *Held*, that the return of the commitment in answer to the habeas corpus, containing only this

affidavit, and the admission of the facts it contained, by failure to take issue thereon, presented a case upon which the children should have been remanded.

The complaint being made under section 291 of the Penal Code, it was not necessary to show that the children were found "wandering" in the streets.

The word "Bowery" is a sufficient indication of the place where the offense was committed, and the omission of the words "in the" is not fatal.

On the return of the writ of habeas corpus, the commitment should be regarded as a final judgment under the provisions of the habeas corpus act; and being *prima facie* valid, the jurisdiction of the magistrate making the commitment is the only question presented for review.

The purpose of the writ of habeas corpus in such a case is not to review the sufficiency of the evidence before the magistrate, or correctness of his decision thereon.

If there are any formal defects or imperfections in the proceedings when a person is committed to the House of Refuge, they should, under L. 1873, ch. 359, § 4, be corrected by order of the court before which the writ of habeas corpus is returnable.

Appeal by the People, and the Society for the Reformation of Juvenile Delinquents, from an order made April 16, 1883, by Mr. Justice BARRETT, upon a return to writs of habeas corpus and certiorari discharging Sarah and Betsy Moses from the House of Refuge.

The facts fully appear in the opinion.

Upon the return to the writs of habeas corpus and certiorari in this matter, Mr. Justice BARRETT, at Special Term, ordered the discharge of the children, and wrote the following opinion :

"The case does not come within section 887, Code of Criminal Procedure (sub. 5), as it is not charged that the children were 'wandering abroad and begging.' As to section 291 of the Penal Code, the return to the certiorari shows that the magistrate was wholly without evidence to justify the commitment. There was an affidavit, but no examination, and no testimony, and the affidavit even is confused and somewhat meaningless; *e. g.*, the statement that the children were engaged 'in the occupation of begging, to wit, Bowery,' and the other statement, that they were 'frequenting the .company of concert saloons.' The children must be discharged."

*John McKeon*, district attorney, for the people, appellant.

*Robinson, Scribner and Bright*, for Society for Reformation of Juvenile Delinquents, appellant.

*John B. Pine* (*Elbridge T. Gerry*, of counsel), for Society for Prevention of Cruelty to Children.

The commitments being *prima facie* valid, the jurisdiction of the magistrate making them was the only question presented at Special Term for review. People *ex rel.* Catlin *v.* Neilson, 16 *Hun*, 214; People *ex rel.* Tweed *v.* Liscomb, 60 *N. Y.* 559; People *ex rel.* Cowley *v.* Bowe, 58 *How.* 393; People *ex rel.* Phelps *v.* Oyer and Terminer, 14 *Hun*, 21; People *ex rel.* Rice *v.* Keeper of the Penitentiary, 37 *How.* 494; People *ex rel.* Davenport *v.* Kling, 6 *Barb.* 366; Case of Twelve Commitments, 19 *Abb.* 394; Matter of Prime, 1 *Barb.* 340; Stewart's Case, 1 *Abb.* 210; People *v.* Cavanagh, 2 *Abb.* 84; People *v.* Cassels, 5 *Hill*, 164; Bennac *v.* People, 4 *Barb.* 31; Gray's Case, 11 *Abb.* 56; People *v.* N. Y. Juvenile Asylum, 12 *Abb.* 92; Appendix, 3 *Hill*, 658, note 30.

*David Levy*, for respondent.

PER CURIAM.—Section 291 of the Penal Code declares under what circumstances children shall be regarded as vagrants; and, amongst other things, it provides that a female child under the age of fourteen years who is found begging or receiving or soliciting alms in any manner, or under any pretense frequenting the company of prostitutes, "must be arrested, and brought before the proper court or magistrate as a vagrant, disorderly, or destitute child." It also declares that such court or magistrate may commit the child to any charitable, reformatory or other institution authorized by law to receive and take charge of minors, or make such disposition of the child as is now or may hereafter be authorized in the case of vagrants, truants, paupers, or disorderly persons.

Section 887 of the Code of Criminal Procedure, in defining who are vagrants, provides that any child between the

ages of five and fourteen, having sufficient bodily health and mental capacity to attend public schools, found wandering in the streets of any city or incorporated village a truant without any lawful occupation, shall be deemed a vagrant.

The children in the case before us were arrested as vagrants, and taken before one of the Police Justices of the city, and by him committed to the House of Refuge, which is in the care of the Society for the Reformation of Juvenile Delinquents. The warrants of commitment recite in substance that these children, being under the age of fourteen years, were charged, on the oath of George H. Young, with being vagrants, namely, "engaged in the occupation of begging under the pretext of peddling, to wit, Bowery, in said city, at 10:45 o'clock P.M., on the 5th of April, 1883, and frequenting the company of prostitutes, concert saloons, dance-houses and places of entertainment where spirituous liquors were sold." It further recited that the magistrate caused the children to be brought before him for examination on the charge, and proceeded to inquire into the matter in their presence; and having read the proofs and allegations submitted to him, and duly considered said matter, the child named in each one respectively was duly "convicted, on the competent testimony of George H. Young, of being such vagrants," and was adjudged by the magistrate to be a proper object to be committed to the House of Refuge.

By certiorari in the proceedings, addressed to the Police Justice, the clerk returned to the court the affidavit of George H. Young, and certified that that comprised all the record of the case then on file in that Court. This affidavit, which was sworn to before the Police Justice who convicted the children of vagrancy, states their ages to be, respectively, eleven and thirteen years, and that they were found by him doing the acts of alleged vagrancy, which are described substantially in the same language as that used in the warrants. It is apparent, on the face of the affidavit, that it was made at the hearing before the magistrate.

The learned judge in the court below fell into the error of supposing that the children had been arrested under the provisions of sec. 887 of the Code of Criminal Procedure, and he held that the offense was not properly charged to bring them

within that section, because it was not alleged that they were found wandering and begging in the streets. But it is obvious that the complaint was made under section 291 of the Penal Code already referred-to, under which it is not necessary to show that the children were found wandering in the streets. The act of begging, or receiving, or soliciting alms makes children under the ages named in the section vagrants, and so when found frequenting the company of reputed thieves or prostitutes. Those offenses are sufficiently charged, both in the affidavit and in the warrant of commitment. If it were necessary to recite the particular act of vagrancy (which was held not to be the case in Gray's case, 11 *Abb.* 56), where it is said that the words defining the particular acts of vagrancy may be regarded as surplusage, yet in this case the acts are specifially and sufficiently well defined. The word "Bowery," as used, is a sufficient indication of the place where the alleged offense was committed, and the omission of the words "in the" can have no effect upon its validity.

The return of the commitment, in answer to the habeas corpus, and the admission of the facts it contains by the failure to take issue thereon, presented a case upon which, we think, the court should have remanded the children. For that purpose the commitments should be regarded as final judgments under the provisions of the habeas corpus act, and, being prima facie valid, the jurisdiction of the magistrate making the commitment is the only question presented to the justice at Special Term for review. But, assuming that the court had authority to go behind the commitments, regular on their face and showing such facts as gave the magistrates jurisdiction, nothing was bought up by the writ of certiorari that would justify interference with the conviction. The clerk of the court returned the only record of the case then on file in that court. The testimony on which the conviction was had may well have been taken orally by the court, and it must be assumed that it was sufficient to justify the commitment where the question arises in the present form. The purpose of the writ of habeas corpus is not to review trials before a magistrate on questions of that character. Where that is the intention, other process is provided by law under which an appellate court may pass upon the sufficiency of the

evidence before the magistrate and the correctness of his decisions.

It is the duty of the magistrate to observe with great care the provisions of the several statutes in such cases, and to see that their records are properly made, and the certificate of conviction duly filed, and that their warrants of commitment are in due form. Section 4 of chapter 359 of the Laws of 1873, which relates to commitments to the House of Refuge, provides in very general terms a remedy for the failure to file certificates, and for any irregularities, misdescriptions, defects or imperfections in the proceedings, where persons are committed to the House of Refuge; and this section would require, if there were any defect or imperfection in matters of form, that it be corrected by order of the court before which the writ of habeas corpus was returnable.

The order of the court below should be reversed, and the writ discharged, and the children remanded.

Present, DAVIS, P. J., BRADY and DANIELS, JJ.